1999 OK 89

**Olga G. HALL, Appellant,**

v.

**GLOBE LIFE AND ACCIDENT INSURANCE COMPANY OF OKLAHOMA, Appellee.**

No. 91438.

Supreme Court of Oklahoma.

Nov. 9, 1999.

See also, 968 P.2d 1263.

---

Jack S. Dawson, James A. Scimeca, Miller Dollarhide, Oklahoma City, Oklahoma, for Appellant.

Shannon L. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Oklahoma, for Appellee.

Rex K. Travis, Oklahoma City, Oklahoma, for Oklahoma Trial Lawyers Association.

HODGES, J.

¶ 1 The issue in this case is which statute applies in determining the rate of prejudgment interest applicable to a jury award against a life insurance company for the proceeds of a life insurance policy. This Court holds that the 15% rate specified in section 3629 of title 36 of the Oklahoma Statutes applies to this matter.

¶ 2 Olga Hall purchased a life insurance policy from Globe Life Accident Insurance Company on her husband, Kenneth Hall in the amount of $22,222.00. Ten months later, when Mr. Hall died, Globe Life refused to pay the claim. The widow sued for the proceeds of the policy and for bad faith in the insurer's denial of her claim. A jury returned a verdict awarding her proceeds of the policy and $3,000.00 in damages for the insurer's bad faith refusal to pay the claim. Judgment was entered three years after Mr. Hall's death.

¶ 3 The widow then filed a timely motion for prejudgment interest on the policy proceeds at the 15% prevailing party rate specified in section 3629(B) of title 36. Globe Life argued that the rate should be the rate for late payment of insurance claims found in section 4030.1 of title 36 which the trial court determined was 3%. The trial court awarded interest at 3%. The Court of Civil Appeals affirmed and this Court granted certiorari to address the first impression issue as to which statute controls this situation.

¶ 4 Globe Life urged and the lower courts applied section 4030.1 which provides:

An insurer shall pay the proceeds of any benefits under a policy of life insurance *not more than thirty (30) days after the insurer has received proof of death of the insured.* If the proceeds *are not paid within this period,* the insurer shall pay interest on the proceeds, at the rate which is not less than the current rate of interest on death proceeds on deposit with the insurer, *from the date of death of the insured to the date when the proceeds are paid.*

Okla. Stat. tit. 36, § 4030.1 (Supp.1994) (emphasis added). The widow on the other hand asserted the authority of section 3629(B) which provides:

It shall be the duty of the insurer, receiving a *proof of loss,* to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. *Upon a judg-*

ment rendered through either party, costs and attorney's fees shall be allowable to the prevailing party ... If the *insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.*

Okla. Stat. tit. 36, § 3629(B) (1991) (emphasis added).

¶ 5 The rate specified in section 4030.1 applies generally to late payment of the proceeds of a policy of life insurance. Section 3629(B), by contrast, applies specifically to late claims which have been litigated and in which the insured prevailed. "Where a matter is addressed by two statutes—one specific and the other general—the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute." *State ex rel. Trimble v. City of Moore,* 818 P.2d 889, 899 (Okla.1991).

¶ 6 Both statutes address the issue of late payment of insurance proceeds. However section 3629(B) applies specifically to litigated claims. Therefore the specific provision, specifying a rate of 15%, prevails over the general provision for late payments, found at section 4030.1. To the extent that *Williams v. Old American Insurance Co.,* 907 P.2d 1105 (Okla.Ct.Civ.App.1995), is in conflict with this holding, it is hereby overruled.[1]

¶ 7 The lower courts erred in applying the general statute and awarding interest at the section 4030.1 rate of 3%. On remand, the trial court is directed to apply section 3629(B) and award prejudgment interest at the rate of 15%.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED; CAUSE REMANDED WITH DIRECTIONS

¶ 8 All Justices concur.

---

**1.** Certiorari review of the Court of Civil Appeals' opinion in *Williams* was not sought.