Dear Archieves and Records Commission Engle,
¶ 0 This office has received your letter requesting an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does Section 17 of S.B. 1598 (codified at 12A O.S. Supp. 2000, § 15-117), which deals with the creation and retention of electronic records and written records by governmental agencies, extend the purview of the Oklahoma Archives and Records Commission to local governmental records, confidential records of the Oklahoma Tax Commission, the records of the Oklahoma State Bureau of Investigation, and certain records of the Department of Public Safety, all of which have been exempt from the Commission's disposition authority by previously enacted statutes?
 2. If the answer to the first question is "yes," what constitutes "cooperation" on the part of the Archives and Records Commission?
 I. Introduction
¶ 1 The Oklahoma Archives and Records Commission ("Commission") is the state agency which — with some exceptions — is vested with "sole, entire and exclusive authority of the disposition for all public records and archives of state officers, departments, boards, commissions, agencies and institutions." 67 O.S. Supp.2000, § 305[67-305]. Generally, no state government record can be destroyed or otherwise disposed of unless the Commission determines that the record has "no further administrative, legal, fiscal, research or historical value." 67 O.S. 1991, § 210[67-210].
When an agency determines that a record is no longer needed for the transaction of business, the record can be disposed of or archived at the direction of the Commission. See 67 O.S. 1991,§ 306[67-306]. A record of all such documents is kept by the secretary of the Commission. See id. § 308.
¶ 2 There are exceptions to the Commission's scope, however. You inquire about three state agencies — the Oklahoma State Bureau of Investigation, the Oklahoma Tax Commission and the Department of Public Safety — as well as records kept by local governments, which are political subdivisions of the state.
¶ 3 The Oklahoma Tax Commission and local governmental records are exempted in the act which creates the Archives and Records Commission. The applicable section reads in pertinent part:
 The Commission shall have sole, entire and exclusive authority of the disposition for all public records and archives of state officers, departments, boards, commissions, agencies and institutions of this state. The authority herein granted shall not apply to records and archives of political subdivisions of the state; provided, however, this act shall not apply to the confidential records and files of the Oklahoma Tax Commission which are exempt from all provisions of this act.
¶ 4 67 O.S. Supp. 2000, § 305[67-305] (footnote omitted) (emphasis added). The Oklahoma State Bureau of Investigation has an exemption within its own statutes:
 The Director of the Oklahoma State Bureau of Investigation shall have the following powers, duties and responsibilities:
. . . .
 2. To supervise the maintaining of all reports and records of the Bureau and to promulgate administrative rules concerning the destruction and retention of such records. Such records shall not be transferred to the custody or control of the State Archives Commission or be subject to the provisions of Section 590 of Title 21 of the Oklahoma Statutes.[1] The Director may, pursuant to adopted and promulgated administrative rule, order destruction of records deemed to be no longer of value to the Bureau, excluding criminalistic and investigative records which shall forever be kept and maintained[.]
¶ 5 74 O.S. Supp. 2000, § 150.7[74-150.7] (emphasis added). You also inquire about the Department of Public Safety. The applicable provision[2] reads:
 B. The Commissioner may destroy any records of the Department which have been maintained on file for five (5) years which he may deem obsolete and of no further service in carrying out the powers and duties of the Department.
 C. 1. The Commissioner may cause any or all records kept by the Department of Public Safety to be photographed, microphotographed, photostated, reproduced on film, or stored on computer storage medium.
 2. . . . [This subsection allows such copies to be considered original records].
 3. The photostatic copies, photographs, microphotographs, reproductions on film, or computerized images shall be placed in conveniently accessible files and provisions made for preserving, examining, and using such copies, photographs, microphotographs, reproductions on film and computerized images. The Commissioner of Public Safety is empowered to authorize the disposal, archival storage, or destruction of the original records or papers.
¶ 6 47 O.S. Supp. 2000, § 2-111[47-2-111] (emphasis added). You ask whether the passage of the Uniform Electronic Transactions Act (hereinafter "UETA") changes the relationship of the Commission either to these three agencies or to local governmental bodies.
¶ 7 The UETA was passed in the 2000 legislative session and became effective November 1, 2000. See 12A O.S. Supp. 2000, §§15-101[12A-15-101] — 15-120. The UETA is a permissive act, in that it "does not require a record or signature to be created, generated, sent, communicated, received, stored, or otherwise processed or used by electronic means or in electronic form." Id. § 15-105(a). Further, the UETA "applies only to transactions between parties each of which has agreed to conduct transactions by electronic means." Id. § 15-105(b). Thus, it facilitates, but does not require, any particular transaction to be done electronically.
¶ 8 Your question deals with the Section 15-117 of the UETA. That section reads:
 Each governmental agency of this state, in cooperation with the Archives and Records Commission, shall determine whether, and the extent to which, it will create and retain electronic records and convert written records to electronic records.
 ¶ 9 Id. A glance at these provisions indicates the UETA encourages, but does not require, governmental agencies to determine the extent to which they will use UETA; and allows agencies to develop certain standards. However, comments to the UETA make it clear that it "defers for the most part to the provisions of other law for substantive determinations." See
Okla. Stat. Ann. tit. 12A, art. 15 (2000), Fred H. Miller, Commentary on the Oklahoma Version of the Uniform Electronic Transactions Act, at "Federal Law" ¶ 3. See also 12A O.S.Supp. 2000, § 15-103[12A-15-103](d) ("A transaction subject to this act is also subject to other applicable substantive law."); 12A O.S.Supp. 2000, § 15-112[12A-15-112](g) ("This section [dealing with the retention of original records] does not preclude a governmental agency of this state from specifying additional requirements for the retention of a record subject to the agency's jurisdiction."); 12A O.S. Supp. 2000, § 15-118[12A-15-118](c) ("Except as otherwise provided in subsection (f) of Section 12 of this act,[3] this act does not require a governmental agency of this state to use or permit the use of electronic records or electronic signatures.")
¶ 10 The above quoted provisions indicate that, as the name implies, the UETA applies to electronic transactions. Not all records generated by an agency are the result of electronic transactions. Additionally, those which are not so generated would still not be covered by the UETA.
¶ 11 Section 15-117 of the UETA does indicate that "[e]ach governmental agency . . . in cooperation with the Archives and Records Commission, shall determine" the extent to which an agency wishes to create and retain electronic records. Id.
"Shall" is generally construed to be mandatory. See OspreyL.L.C. v. Kelly-Moore Paint Co., 984 P.2d 194, 199 (Okla. 1999). Therefore, there appears to be a conflict between the specific statutes cited above, which exempt the agencies from the purview of the Commission, and this provision of the UETA, which requires "[e]ach governmental agency" to consult with the Commission before implementing storage procedures of their records. Id. § 15-117.
¶ 12 However, that conflict is resolved by the standard rule of statutory construction that "[w]here a matter is addressed by two statutes — one specific and the other general — the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute."Hall v. Globe Life Accident Ins. Co., 998 P.2d 603, 605
(Okla. 1999) (quoting State ex rel. Trimble v. City of Moore,818 P.2d 889, 899 (Okla. 1991)). Consequently, the specific statutes dealing with the above noted agencies' exemption from the purview of the Archives and Records Commission would govern over the more general provisions of the UETA.
¶ 13 In light of this holding, it is unnecessary to answer your second question.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Section 17 of S.B. 1598 (codified at 12A O.S. Supp. 2000, § 15-117), which deals with the creation and retention of certain electronic records and written records by governmental agencies, does not extend the purview of the Oklahoma Archives and Records Commission to local governmental records, the confidential records of the Oklahoma Tax Commission, the records of the Oklahoma State Bureau of Investigation, or the Department of Public Safety, all of which have been exempt from the Archives and Records Commission's authority by previously enacted statutes. See 67 O.S. Supp. 2000, § 305[67-305]; 74 O.S. Supp. 2000, § 150.7(2); 47 O.S. Supp. 2000, § 2-111. This is because the specific provisions governing the records in those agencies take precedence over the more general Uniform Electronic Transactions Act (12A O.S. Supp. 2000, §§ 15-101[12A-15-101] — 15-120) in which Section 15-117 is contained.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] This section creates criminal penalties for the unauthorized destruction of state records.
[2] In your request, you also cited Section 6-117(C) of Title 47. However, that provision was incorporated into 47 O.S. Supp.2000, § 2-111[47-2-111], at subsection (C). In its current form, Section 6-117 dealing with copies of accident reports is no longer relevant to your question.
[3] That subsection reads:
 (f) A record retained as an electronic record in accordance with subsection (a) of this section satisfies a law requiring a person to retain a record for evidentiary, audit, or like purposes, unless a law enacted after the effective date of this act specifically prohibits the use of an electronic record for the specified purpose.
12A O.S. Supp. 2000, § 15-112[12A-15-112] (footnote omitted).