Dear Representative Braddock
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 Is there a conflict between 62 O.S. 2001, § 211, requiring all non-appropriated, statutorily-created boards which regulate a profession, occupation or vocation, to pay ten percent of gross fees collected to the State's General Revenue Fund; and 59 O.S. 2001, § 858-207, requiring the Oklahoma Real Estate Commission, which licenses professional real estate brokers and sales associates, to pay ten percent of license fees collected to the State's General Revenue Fund? If a conflict exists, which section of law controls the Oklahoma Real Estate Commission's required payment into the General Revenue Fund?
¶ 1 Your question reflects the apparent conflict between 62O.S. 2001, § 211[62-211], requiring all non-appropriated, statutorily-created boards which regulate a profession, occupation or vocation, to pay ten percent of gross fees collected to the State's General Revenue Fund, and 59 O.S. 2001,§ 858-207[59-858-207], requiring the Oklahoma Real Estate Commission, which licenses and regulates professional real estate brokers and sales associates, to pay ten percent of license fees collected to the State's General Revenue Fund.
¶ 2 In 1933, the Oklahoma Legislature enacted 62 O.S. Supp.1933, § 211[62-211], requiring certain enumerated boards to pay ten percent of gross fees collected to the State's General Revenue Fund. 1933 Okla. Sess. Laws ch. 88, § 1. In 1947, Section 211 was amended to apply to all non-appropriated, statutorily-created boards which regulate a profession, occupation or vocation. 1947 Okla. Sess. Laws ch. 1e, § 1. Section 211 currently provides:
 All self-sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, shall at the close of each fiscal year hereafter file with the Governor and the State Auditor and Inspector a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the General Revenue Fund of the state ten percent (10%) of the gross fees so charged, collected and received by such board.
Id.
¶ 3 In 1974, the Oklahoma Legislature enacted 59 O.S. Supp.1974, § 858-207[59-858-207]. 1974 Okla. Sess. Laws ch. 121, § 207. Like 62O.S. Supp. 1947, § 211[62-211], Section 858-207 of the Oklahoma Real Estate License Code required the Real Estate Commission to pay ten percent of gross fees collected to the State's General Revenue Fund.[1] However, in 1990, Section 858-207 was amended to provide that the Real Estate Commission was only required to pay into the State's General Revenue Fund ten percent of license fees collected. 1990 Okla. Sess. Laws ch. 264, § 125. Section 858-207 of the Oklahoma Real Estate License Code currently provides:
 The Commission shall at the close of each fiscal year file with the Governor and State Auditor and Inspector a true and correct report of all fees charged, collected and received during the previous fiscal year, and shall pay into the General Revenue Fund of the State Treasury ten percent (10%) of the license fees collected and received during the fiscal year.
Id. (emphasis added).
¶ 4 Title 62 O.S. 2001, § 211[62-211] appears to direct the Real Estate Commission, as a self-sustaining board, (the description set out in Section 211), to pay into the General Revenue Fund ten percent of the gross fees it collects. On the other hand, 59O.S. 2001, § 858-207[59-858-207] requires the Real Estate Commission to pay into the General Revenue Fund ten percent of the license fees collected. The statutes, both of which by their terms appear to apply to the Real Estate Commission, and in which each establishes the amount the Commission is required to pay into the State's General Revenue Fund, prescribe differing rules.
¶ 5 The cardinal rule of statutory construction is to ascertain the intent of the Legislature, and, if possible, give effect to its intent. State ex rel. Dep't of Human Serv. v. Colclazier,950 P.2d 824, 827 (1997). A similar question was previously addressed in Attorney General Opinion 90-19. In that Opinion, the Attorney General addressed an apparent conflict between 62 O.S.1981, § 211[62-211] and 59 O.S. 1981, § 15.7[59-15.7], the latter provision requiring the Board of Public Accountancy to pay into the State's General Revenue Fund ten percent of "all annual registration
fees so charged, collected and received, and no other portionshall ever revert to the General Revenue Fund or any other fundof the state."[2] A.G. Opin. 90-19, 31 (emphasis added). In Opinion 90-19, the Attorney General found the Accountancy Board's specific statute, 59 O.S. 1981, § 15.7[59-15.7], governed over the general statute, 62 O.S. 1981, § 211[62-211], and found "the Board of Public Accountancy is not required to transfer ten percent of its gross fees to the General Revenue Fund of the state annually as specified in 62 O.S. 1981, § 211[62-211][,] but must only transfer ten percent of its registration fees to the General Revenue Fund annually pursuant to 59 O.S. 1981, § 15.7." A.G. Opin. 90-19, 32 (emphasis added).
¶ 6 The decision the Attorney General reached in Opinion 90-19 reflects a rule of statutory construction recently relied upon by the Oklahoma Supreme Court. See Hall v. Globe Life AccidentIns. Co., 998 P.2d 603, 605 (Okla. 1999) ("Where a matter is addressed by two statutes — one specific and the other general — the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute."). This rule of statutory construction applies to your question. Both 62 O.S. 2001, § 211[62-211] and 59 O.S. 2001, §858-207[59-858-207] appear to govern the amount the Real Estate Commission pays into the State's General Revenue Fund. However, 62 O.S.2001, § 211[62-211] is a general statute establishing the amount all non-appropriated, statutorily-created professional, occupational and vocational licensing boards are to pay into the State's General Revenue Fund — ten percent of the gross fees collected by such boards. Title 59 O.S. 2001, § 858-207[59-858-207] is a statutespecifically applicable to the Oklahoma Real Estate Commission, establishing the amount the Commission is to pay into the State's General Revenue Fund — ten percent of the license fees collected. Under the rule set forth in Hall, the provisions of59 O.S. 2001, § 858-207[59-858-207], made specifically applicable to the Oklahoma Real Estate Commission, govern over the provisions of62 O.S. 2001, § 211[62-211], which was made generally applicable to other non-appropriated, statutorily-created professional, occupational and vocational licensing boards.
¶ 7 Another rule of statutory construction applicable to your question is enunciated in Ramsey v. Leeper, 31 P.2d 852, 860
(1934), which states that when statutory provisions conflict, the statute enacted last in time must prevail. In 1933, the Oklahoma Legislature enacted 62 O.S. Supp. 1933, § 211[62-211], requiring certain enumerated boards to pay ten percent of gross fees collected to the State's General Revenue Fund. In 1947, Section 211 was amended to apply to all non-appropriated, statutorily-created licensing boards.
¶ 8 Title 59 O.S. Supp. 1974, § 858-207[59-858-207] was enacted in 1974. Like 62 O.S. Supp. 1947, § 211[62-211], Section 858-207 specifically required the Real Estate Commission to pay ten percent of gross
fees collected to the State's General Revenue Fund.[3]
However, in 1990, Section 858-207 was amended to provide that the Real Estate Commission was required to pay into the State's General Revenue Fund ten percent of license fees collected. Pursuant to the statutory rule of construction set forth inRamsey, the 1990 amendment to 59 O.S. 2001, § 858-207[59-858-207],
requiring the Real Estate Commission to pay to the State's General Revenue Fund ten percent of license fees it collects, governs over the previously enacted 1947 amendment to 62 O.S.Supp. 2001, § 211[62-211], which would otherwise require the Real Estate Commission to pay ten percent of gross fees it collects to the State's General Revenue Fund.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Real Estate Commission is not required to pay ten percent of gross fees it collects to the State's General Revenue Fund, as specified in 62 O.S. 2001, § 211[62-211], but must only pay ten percent of its license fees to the State's General Revenue Fund, pursuant to 59 O.S. 2001, § 858-207[59-858-207]. Under established rules of statutory construction: (1) 59 O.S. 2001, § 858-207[59-858-207] is specifically applicable to the Oklahoma Real Estate Commission and governs over 62 O.S. 2001, § 211[62-211], which is a general statute applicable to all non-appropriated, statutorily-created professional, occupational and vocational licensing boards; and (2) 59 O.S. 2001, § 858-207[59-858-207] was enacted after 62 O.S. 2001, § 211[62-211], and the later-enacted statute prevails over the previously-enacted statute.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JANIS W. PRESLAR Assistant Attorney General
[1] In 1977, when the Legislature created the Oklahoma Real Estate Education and Recovery Fund, and required licensees to pay five dollars in addition to their licensing fees to fund the Oklahoma Real Estate Education and Recovery Fund, the Legislature exempted the fund from the ten percent General Revenue Fund payment, adding the following bolded language to 59 O.S. Supp. 1974, § 858-207[59-858-207], "[t]he Commission shall . . . pay into the General Revenue Fund of the State Treasury ten percent (10%) of the gross fees so charged, collected and received other thanfrom the Oklahoma Real Estate Education and Recovery Fund fees." 1977 Okla. Sess. Laws ch. 182, § 2 (emphasis added).
[2] Unlike the Accountancy Board's statute, the Real Estate License Code provision, 59 O.S. 2001, § 858-207[59-858-207], does not expressly state that "no other portion shall ever revert to theGeneral Revenue Fund," besides ten percent of the license fees collected and received. A.G. Opin. 90-19, 31. However, the additional language found in the Accountancy Board's statute and missing from the Real Estate Commission's statute was not the key to the Attorney General's decision reached in A.G. Opin. 90-19.
[3] See footnote 1.