Dear Superintendent Garrett,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Are public schools in this state prohibited from adopting policies or rules that provide for student suspension from school for the possession of a firearm in the student's vehicle on school property? See H.B. 2122, 2004 Okla. Sess. Laws ch. 39 (codified at 21 O.S. Supp. 2004, §§ 1289.7a, 1290.22).
 2. Are public schools prohibited from adopting policies orrules that prohibit a person from transporting and storingfirearms in a locked vehicle on school property that is set asidefor vehicles? See H.B. 2122, 2004 Okla. Sess. Laws ch. 39(codified at 21 O.S. Supp. 2004, §§ 1289.7a, 1290.22).
 I. The Possession Of Firearms On School Property
¶ 1 The first step in answering your question is to determine the lawfulness of the possession of firearms on school property. Title 70 O.S. Supp. 2004, § 24-101[70-24-101] .3 provides in pertinent part:
 A. Any student who is guilty of an act described in paragraph 1 of subsection C of this section may be suspended out-of-school in accordance with the provisions of this section. Each school district board of education shall adopt a policy with procedures which provides for out-of-school suspension of students. . . .
. . . .
 C. 1. Students who are guilty of any of the following acts may be suspended out-of-school by the administration of the school or district:
. . . .
 e. possession[1] of a dangerous weapon or a controlled dangerous substance, as defined in the Uniform Controlled Dangerous Substances Act. Possession of a firearm shall result in out-of-school suspension as provided in paragraph 2 of this subsection.
 2. Any student found in possession of a firearm while on any public school property or while in any school bus or other vehicle used by a public school for transportation of students or teachers shall be suspended out-of-school for a period of not less than one (1) year, to be determined by the district board of education pursuant to the provisions of this section. The term of the suspension may be modified by the district superintendent on a case-by-case basis. For purposes of this paragraph the term "firearm" shall mean and include all weapons as defined by 18 U.S.C., Section 921.
Id. (footnote added) (emphasis added).
¶ 2 This statute requires the suspension of a student for the possession of a firearm on school property. Id. Additionally, it requires school districts to establish policies that provide procedures for student suspension. Id.
¶ 3 Title 21 O.S. Supp. 2004, § 1280.1[21-1280.1] governs the conduct of "any person," not just students, and provides:
POSSESSION OF FIREARM ON SCHOOL PROPERTY
 A. It shall be unlawful for any person to have in his or her possession on any public or private school property or while in any school bus or vehicle used by any school for transportation of students or teachers any firearm or weapon designated in Section 1272 of this title, except as provided in subsection C of this section or as otherwise authorized by law.
 B. "School property" means any publicly or privately owned property held for purposes of elementary, secondary or vocational-technical education, and shall not include property owned by public school districts or private educational entities where such property is leased or rented to an individual or corporation and used for purposes other than educational.
 C. Firearms and weapons are allowed on school property and deemed not in violation of subsection A of this section as follows:
 1. A gun or knife designed for hunting or fishing purposes kept in a privately owned vehicle and properly displayed or stored as required by law, or a handgun carried in a vehicle pursuant to a valid handgun license authorized by the Oklahoma Self-Defense Act, provided such vehicle containing said gun or knife is driven onto school property only to transport a student to and from school and such vehicle does not remain unattended on school property;
 2. A gun or knife used for the purposes of participating in the Oklahoma Department of Wildlife Conservation certified hunter training education course or any other hunting, fishing, safety or firearms training courses, or a recognized firearms sports event, team shooting program or competition, or living history reenactment, provided the course or event is approved by the principal or chief administrator of the school where the course or event is offered, and provided the weapon is properly displayed or stored as required by law pending participation in the course, event, program or competition; and
 3. Weapons in the possession of any peace officer or other person authorized by law to possess a weapon in the performance of their duties and responsibilities.
 D. Any person violating the provisions of this section shall, upon conviction, be guilty of a felony punishable by a fine not to exceed Five Thousand Dollars ($5,000.00), and imprisonment for not more than two (2) years. Any person convicted of violating the provisions of this section after having been issued a concealed handgun license pursuant to the provisions of the Oklahoma Self-Defense Act shall have the license permanently revoked and shall be liable for an administrative fine of One Hundred Dollars ($100.00) upon a hearing and determination by the Oklahoma State Bureau of Investigation that the person is in violation of the provisions of this section.
Id.
¶ 4 As stated above, subsection (A) makes it a felony for any person to possess a firearm or other weapon on school property.Id. Subsection (C) provides exceptions to this criminal prohibition and defines circumstances under which the possession of firearms or knives is not a violation. Id. A person may possess a firearm or knife for hunting or fishing if properly displayed and stored as required by law or pursuant to the Oklahoma Self-Defense Act ("SDA"), 21 O.S. 2001 Supp. 2004, §§1290.1-1290.26, in a private vehicle on school property if the vehicle containing the weapon is driven onto school property only to transport a student to and from school and if the vehicle does not remain unattended on school property. 21 O.S. 2001, §1280.1[21-1280.1](C)(1). Also, a person may possess a gun or knife on school property for the purposes of participating in a school-approved training course, firearms event or competition, or a living history reenactment, "provided the weapon is properly displayed or stored as required by law." Id. § 1280.1(C)(2). Subsection (C) also provides an exemption for the possession of weapons by law enforcement. Id. § 1280.1(C)(3).
 II. The Prohibition Of Firearms In Locked Vehicles
¶ 5 House Bill 2122 creates a general prohibition to the establishment of policies and rules that prohibit the transportation and storage of firearms in a locked vehicle on property set aside for the use of any vehicle. See 2004 Okla. Sess. Laws ch. 39 (codified at 21 O.S. Supp. 2004, §§ 1289.7a[21-1289.7a],
1290.22).Section 1 enacted a new law, codified at 21 O.S. Supp.2004, § 1289.7a[21-1289.7a], which provides:
 No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.
Id.
¶ 6 Section 2 amended Section 1290.22 of the SDA to read as follows:
BUSINESS OWNER'S RIGHTS
 A. Except as provided in subsection B of this section, nothing contained in any provision of the Oklahoma Self-Defense Act, Section 1290.1 et seq. of this title, shall be construed to limit, restrict or prohibit in any manner the existing rights of any person, property owner, tenant, employer, or business entity to control the possession of weapons on any property owned or controlled by the person or business entity.
 B. No person, property owner, tenant, employer, or business entity shall be permitted to establish any policy or rule that has the effect of prohibiting any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle.
Id.
¶ 7 These enactments prohibit a "person, property owner, tenant, [or] employer" from establishing a policy or rule that prohibits "any person, except a convicted felon, from transporting and storing firearms in a locked vehicle on any property set aside for any vehicle." Id. School districts are included in one or more of the capacities identified as being subject to the general prohibition. Thus, at first blush, there appears to be a conflict between the provisions of H.B. 2122 and70 O.S. Supp. 2004, § 24-101[70-24-101] .3. There is, however, no conflict. It is a rule of statutory construction that when two statutes "are susceptible of construction which will give effect to both without doing violence to either, this construction should be adopted in preference to one which leads to a conclusion that there is a conflict." AMF Tubescope Co. v.Hatchel, 547 P.2d 374, 379 (Okla. 1976). In 70 O.S. Supp.2004, § 24-101.3[70-24-101.3](A), the Legislature mandates that students shall be suspended for the possession of a firearm on school property. Further, it requires school districts to establish policies that set forth procedures for the suspension of students. Id. The action taken by the school district is required by law to implement the Legislature's policy. Therefore, there is no conflict.
¶ 8 Even if a conflict existed, it would be resolved by the well-established rule of statutory construction that provides, "Where a matter is addressed by two statutes — one specific and the other general — the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute." Hall v. Globe Life AccidentIns. Co., 998 P.2d 603, 605 (Okla. 1999). Title 70 O.S. Supp.2004, § 24-101[70-24-101] .3 is a specific statute that requires school boards to implement a legislatively established policy. Consequently, Section 24-101.3 controls over the general provisions of H.B. 2122. Therefore, a school district must adopt a policy with procedures that provides for the suspension of a student for the possession of a firearm on school property. 70O.S. Supp. 2004, § 24-101.3[70-24-101.3](A).
¶ 9 Additionally, 21 O.S. Supp. 2004, § 1280.1[21-1280.1] makes it a felony for any person to possess a firearm on school property except as permitted by that statute. Therefore, a school district must adopt a policy that prohibits the possession of a firearm in a locked vehicle on school property unless the possession is permitted by 21 O.S. Supp. 2004, § 1280.1[21-1280.1]. 70 O.S. Supp. 2004,§ 24-101.3[70-24-101.3](A).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. It is unlawful for any person to possess a firearm on school property except as authorized by 21 O.S. Supp. 2004, § 1280.1[21-1280.1].
 2. A school district must adopt a policy with procedures that provides for the suspension of a student who is in possession of a firearm while on school property. 70 O.S. Supp. 2004, § 24-101[70-24-101] .3(A).
 3. A school district must adopt a policy with procedures that prohibits the transportation and storage of firearms in locked vehicles by students or others on school property set aside for the use of any vehicle. 70 O.S. Supp. 2004, § 24-101[70-24-101] .3(A). However, a school district may not adopt a policy or rule that prohibits:
 A. a person from possessing a firearm or knife for hunting or fishing if properly displayed and stored as required by law, or a handgun pursuant to the Oklahoma Self-Defense Act, 21 O.S. 2001 Supp. 2004, §§ 1290.1-1290.26, in a private vehicle on school property, if the vehicle containing the weapon is only driven onto school property to transport a student to and from school, and does not remain unattended on school property (12 O.S. Supp. 2004, § 1280.1[12-1280.1](C)(1));
 B. a person from possessing a gun or knife on school property for the purposes of participating in a school-approved training course, firearms event or competition, or a living history reenactment, provided that the weapon is properly displayed or stored as required by law (id. § 1280.1(C)(2)); and
 C. the possession of weapons by law enforcement (id. §1280.1(C)(3)).
W.A. DREW EDMONDSON Attorney General of Oklahoma
D. CASEY DAVIS Assistant Attorney General
[1] For purposes of this Opinion, possession includes storing firearms in a locked vehicle.