Dear Senator Earl Garrison,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following questions:
 1. Is a school district required to comply with the requirements of the Public Competitive Bidding Act of 1974, 61 O.S. 2001 Supp. 2004, §§ 101-138, in contracting for retrofit metal roofs?
 2. Does the Public Building Construction and Planning Act, 61 O.S. 2001 Supp. 2004, §§ 201-209, or any other provision of law prohibit a school district from contracting for a retrofit metal roof utilizing the "design-build" project delivery method?
¶ 1 The Oklahoma Statutes give school districts authority to "[p]urchase, construct or rent, and operate and maintain . . . schoolhouses and school buildings." 70 O.S. Supp. 2004, §5-117[70-5-117](A)(7). Maintaining school buildings would include replacing existing roofs with retrofit metal roofs.
 School Districts and the Public Competitive Bidding Act
¶ 2 You first ask whether a school district must comply with the Public Competitive Bidding Act of 1974, 61 O.S. 2001 Supp.2004, §§ 101-138 ("Competitive Bidding Act"), in contracting for a retrofit metal roof. We note at the outset of our analysis that the law may require an entity, such as a school district, to engage in competitive bidding without also requiring that entity to abide by all the requirements of the Competitive Bidding Act.
1. Lease-Purchase Contracts
¶ 3 The answer to your first question depends on the method by which the school district acquires the roof — by purchase or by lease-purchase. Your question does not specify whether the school district's contemplated roofing contract is for purchase or lease-purchase. The Oklahoma Statutes grant authority to school districts for both kinds of contracts. 70 O.S. Supp. 2004, §5-117[70-5-117](A)(7). A specific statute outside the Competitive Bidding Act addresses lease-purchase contracts for, among other things, retrofit metal roofs:
 A. The governing board of any county, city or town, or school district is authorized to rent on a monthly basis real or personal property as authorized by the governing board and to pay the rental charges thereon for usage during any fiscal period, or portion thereof, out of appropriations made and approved for such purposes for, or during, such fiscal year. Any such rental contract extending beyond June 30 of the fiscal year shall contain provisions for mutual ratification of renewal under the conditions provided in this section.
 B. As used in this section, the term "personal property" shall include, but not be limited to:
. . . .
 3. Roofs placed over existing roof structures; provided, lease-purchase of retrofit metal roofs shall be awarded by competitive bids where total payments of principle [sic] and interest provided by the lease-purchase contract are anticipated to exceed Twenty-five Thousand Dollars ($25,000.00)[.]
62 O.S. Supp. 2004, § 430.1[62-430.1] (emphasis added).
¶ 4 According to Section 430.1, a school district which enters into a lease-purchase contract for a retrofit metal roof costing more than $25,000.00 in principal and interest must employ "competitive bidding," but is not expressly required to follow the requirements of the Competitive Bidding Act. Had the Legislature intended that all the requirements of the Competitive Bidding Act apply, it could have said so in this statute, but did not. Further, "[w]here a matter is addressed by two statutes — one specific and the other general — the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute." Hall v. GlobeLife Accident Ins. Co., 998 P.2d 603, 605 (Okla. 1999). Section 430.1 is a specific statute addressing lease-purchase of retrofit metal roofs and controls over the general provisions of the Competitive Bidding Act.
¶ 5 Thus, the answer to your first question is no, a school district is not required to comply with the Competitive Bidding Act if it executes a lease-purchase contract for a retrofit metal roof. If, however, the principal and interest amount of the contract exceeds $25,000.00, the school district must award the contract on the basis of competitive bids. In such cases bids must be taken, but other requirements of the Competitive Bidding Act, such as publication of bid notices, need not be followed.
2. Purchase Contracts
¶ 6 By its terms, 62 O.S. Supp. 2004, § 430.1[62-430.1](B)(3) applies only to lease-purchase of retrofit metal roofs. We have found no specific statute which applies to contracts to purchase retrofit metal roofs. Therefore, we must examine the general statutes governing contracts for the construction and maintenance of school buildings.
¶ 7 The Competitive Bidding Act states, "Unless otherwise provided by law, all public construction contracts shall be let and awarded to the lowest responsible bidder, by free and open competitive bidding after solicitation for sealed bids, in accordance with the provisions of the Public Competitive Bidding Act of 1974." 61 O.S. § 2001[61-2001], § 103 (emphasis added). "Public construction contract" is defined as "any contract, exceeding Twenty-five Thousand Dollars ($25,000.00) in amount, awarded byany public agency for the purpose of making any public improvements or constructing any public building or makingrepairs to or performing maintenance on the same." 61 O.S.Supp. 2004, § 102[61-102](6) (emphasis added). "Public agency" means "the State of Oklahoma, and any county, city, town, schooldistrict or other political subdivision of the state." Id. § 102(5) (emphasis added).
¶ 8 These statutes, when read together, require school districts to comply with the Competitive Bidding Act when contracting for construction and maintenance of school buildings if the contract amount exceeds $25,000.00. The Competitive Bidding Act does not in these provisions distinguish between purchase and lease-purchase construction and maintenance contracts and would presumably apply to both. Section 103, cited above, states that the Competitive Bidding Act applies "unless otherwise provided by law." Id. As we have seen, another statute, 62 O.S. Supp. 2004, § 430.1[62-430.1], has "otherwise provided" that school districts may execute lease-purchase contracts for retrofit metal roofs. No statute, however, has otherwise provided an alternative procedure when a school district contracts to purchase a retro-metal roof. Thus, any school district's contract to purchase a retrofit metal roof must comply with the Competitive Bidding Act if the cost exceeds $25,000.00.
 School Districts and the Public Building Construction Act
¶ 9 You next ask whether any law, including the Public Building Construction and Planning Act, 61 O.S. 2001 Supp. 2004, §§201-209 ("Building Construction Act"), prohibits a school district from contracting for a retrofit metal roof using the "design-build" project delivery method.
1. Design-Build as a Project Delivery Method
¶ 10 The Building Construction Act defines "design-build" as "a project delivery method whereby this state acquires both design and construction services in the same contract from a single legal entity, referred to as the design-builder, without the bid component of the traditional design-bid-build process[.]" 61O.S. Supp. 2004, § 202[61-202](5). In exchange for being allowed to dispense with the bidding process, "[t]he design-build entity is liable for all design and construction costs and must provide a firm fixed price in its proposal." OAC 580:20-19-2 (defining "design-build").
¶ 11 Using the design-build method is not simply a matter of choice; unlike other project delivery methods, it requires express authorization from the Department of Central Services or the Legislature. Specifically, the Building Construction Act states:
 A. The design-build and at-risk construction management project delivery methods shall not be used without the written approval of the Director of Central Services or an act of the Legislature specifying design-build or at-risk construction management for a project. In all instances where the design-build project or at-risk construction management delivery method is authorized, construction administration shall be performed by the State Construction Administrator, the Administrator's designee or designees, or otherwise by contract or contract provision approved by the Director of Central Services for construction administration by another party.
61 O.S. Supp. 2004, § 202.1[61-202.1] (emphasis added).
¶ 12 We believe the Public Building Act does not apply to school districts. The Public Building Act refers to "state agencies" throughout its provisions. See, e.g., 61 O.S. 2001 Supp. 2004, §§ 202.1(B), 204, 205, 207.2(A), 207.4(A), 208(A), 208.1, 209. The Public Building Act defines "state agency" as "an agency, board, commission, counsel [sic], court, office, officer, bureau, institution, unit, division, body, or house of the executive or judicial branches of government of this state, whether elected or appointed, excluding only politicalsubdivisions." Id. § 202(14) (emphasis added). School districts are political subdivisions, not agencies, of the state.See, e.g., Okla. Const. art. X, § 26(a); 51 O.S. Supp. 2004, §152[51-152](8)(a)-(c); 75 O.S. 2001, § 250.3[75-250.3](13).
¶ 13 Further, school districts are exempt from several provisions of the Public Building Act. See, e.g., 61 O.S.Supp. 2004, § 204[61-204](A)(2) (excluding public school property from the Department of Central Services' inventory of state-owned real property); § 204(B)(1) (exempting common schools from having the Department of Central Services review and approve construction plans and specifications); § 207.2(B)(6) (exempting public schools from the prohibition against hiring architects, engineers, and land surveyors). We conclude that the Public Building Act applies only to state agencies, not to school districts.
¶ 14 Although we have found no provision of law which expressly prohibits school districts from using design-build, nor does any provision expressly grant that authority. A school district may exercise only those powers expressly granted by law or fairly implied therefrom. Bd. of Educ. v. Cloudman, 92 P.2d 837, 841
(Okla. 1939). In this case, we conclude no such power can be implied when the exercise thereof would result in abrogating the public policy favoring competitive bidding. In the absence of an express grant of authority to do so in some provision of law, school districts may not use design-build.
2. Construction Management as a Project Delivery Method
¶ 15 Because the Public Building Act does not apply to school districts, design-build is not available to them as a project delivery method. However, a stand-alone provision outside the Public Building Act, 61 O.S. Supp. 2004, § 220[61-220], expressly authorizes school districts to use an alternative project delivery method called "construction management." Section 220 reads in pertinent part as follows:
 A. Any board of education of a school district may use construction management as a project delivery method for the building, altering, repairing, improving, maintaining or demolishing any structure or appurtenance thereto, or any other improvement to real property owned by that school district. For purposes of this section" construction management" shall be defined as set forth in Section 202 of Title 61 of the Oklahoma Statutes and shall include both agency construction management and at-risk construction management.
Id.
¶ 16 Section 220 borrows the definition of construction management from the Public Building Act as follows:
 4. "Construction management" means a project delivery method based on an agreement whereby the owner acquires from a construction entity a series of services that include, but are not necessarily limited to, design review, scheduling, cost control, value engineering, constructability evaluation, preparation and coordination of bid packages, and construction administration;" construction management" includes:
 a. "agency construction management" whereby the construction entity provides services to the owner without taking on financial risks for the execution of the actual construction, and
 b. "at-risk construction management" whereby the construction entity, after providing agency services during the pre-construction period, takes on the financial obligation to carry out construction under a specified cost agreement[.]
61 O.S. Supp. 2004, § 202[61-202].
¶ 17 Like design-build, the "at-risk" construction management method requires written approval of either the Director of Central Services or the Legislature. 61 O.S. Supp. 2004, §202.1[61-202.1](A). Unlike design-build, however, "[a]ll construction contracts or subcontracts for work to be performed for any school district pursuant to a construction management project delivery method shall be awarded in accordance with the provisions of thePublic Competitive Bidding Act of 1974." 61 O.S. Supp. 2004, §220[61-220](D) (emphasis added). We note that Section 220(D), unlike the Competitive Bidding Act with its $25,000.00 limit, applies to all construction management contracts regardless of cost.
¶ 18 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A school district must award a lease-purchase contract for a retrofit metal roof by competitive bidding if the principal and interest amount will exceed $25,000.00. The school district is not, however, required to comply with the Public Competitive Bidding Act, 61 O.S. 2001 Supp. 2004, §§ 101-138, for such a contract.
 2. A school district must comply with the requirements of the Public Competitive Bidding Act, 61 O.S. 2001 Supp. 2004, §§ 101-138, in a purchase contract for a retrofit metal roof if the cost exceeds $25,000.00.
 3. Under the Public Building Construction Act, 61 O.S. 2001 Supp. 2004, §§ 202-209, the design-build project delivery method is available only to state agencies, not to school districts. Under 61 O.S. Supp. 2004, § 220, however, school districts may use the construction management project delivery method. All construction contracts or subcontracts awarded under the construction management delivery method, regardless of cost, must comply with the Public Competitive Bidding Act. Id. § 220(D).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General