2005 OK CIV APP 62

**T.M. COLGAN, now Vitt,**
**Plaintiff/Appellant,**

v.

**W.B. COLGAN, Defendant/Appellee.**

**No. 100,415.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 16, 2005.

Fred M. Buxton, Tulsa, OK, for Plaintiff/Appellant.

Mark A. Zannotti, Tulsa, OK, for Defendant/Appellee.

## OPINION

Opinion by BAY MITCHELL, Judge.

¶1 Plaintiff/Appellant T.M. Colgan, now Vitt (Mother), appeals from a trial court order awarding her past-due child support and child care expenses from Defendant/Appellee W.B. Colgan (Father). We hold the trial court erred in calculating the judgment amount.

¶2 The parties were divorced in April 1999. They have two minor children. On June 21, 2000, the trial court entered an agreed order modifying the divorce decree wherein Father was to pay Mother a reduced amount in monthly child support for the period of June 15, 2000, to November 30, 2000. The new amount represented $490.00 in base child support and $230.00 in child care expenses. The trial court stated the parties were to evaluate and re-calculate child support in November 2000. The order also set forth the parties' agreement that Father was to receive $2,800.00 upon the sale of the marital residence, less $1,668.00 in outstanding child support then owed (a difference of $1,132.00).

¶3 Neither party sought to reevaluate child support in November 2000. On April 3, 2002, Father filed a motion to modify child support based upon a decrease in his income. Mother filed a counter-motion to modify. On May 21, 2003, the trial court entered an order modifying Father's base child support obligation to $716.03 per month and directing Father to pay 53% of all employment-related child care expenses. Neither party appealed the order.

¶4 On the same day the modified support order was entered, Mother filed the instant motion to enter judgment for child support and child care expenses past due from and after April 3, 2002, the date Father filed his motion to modify. Father filed a counter-motion for a credit of child care expenses he allegedly overpaid to Mother. At the hearing on both motions, Mother asserted that from April 15, 2002, to the date of the hearing, Father was $4,148.29 in arrears in child support and child care expenses. Mother's figures were based in part upon the difference between the $490.00 per month base child support set forth in the June 21, 2000, order and the $716.03 per month support figure awarded in the May 21, 2003, order. The remainder of Mother's figures were based on alleged outstanding child care and medical expenses. Mother conceded Father should be allowed the offset of $1,132.00 established by the June 21, 2000, order. Father offered evidence he overpaid $2,419.60 in child care expenses from June 2000 to February 2002.

¶5 The trial court determined Father owed Mother $1,450.00 in past due child support. Although the order did not explain how the trial court arrived at that figure, the court specifically denied Father's motion for credit against arrearages. The trial court also held Father was due $1,132.00 upon the sale of the residence. Accordingly, the trial court entered judgment for Mother in the amount of $318.00 ($1,450.00–$1,132.00). Mother's motion to reconsider was denied. From said judgment, Mother appeals.

¶6 Both parties correctly assert that child support proceedings are matters of equitable cognizance. *State ex rel. DHS v. Baggett,* 1999 OK 68, ¶3, 990 P.2d 235, 238. On appeal from an order relating to child support, this Court will review the entire record, weigh the evidence and will affirm the trial court's judgment where it is just and equitable. *Id.* A different standard of review applies to legal issues. "Legal questions are reviewed *de novo* and an appellate court has plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *Id.* at ¶4, 990 P.2d at 238.

■ ¶ 7 Mother argues, and we agree, the trial court erroneously calculated the amount Father owed in past-due child support and child care expenses. Father filed his motion to modify child support on April 3, 2002. The trial court's order of May 21, 2003, set Father's base child support obligation at $716.03 per month. Title 43 O.S. Supp.2002 § 118(E)(16)(a)(4) provides:

> An order of modification shall be effective upon the date the motion to modify was filed, unless the parties agree to the contrary or the court makes a specific finding of fact that the material change of circumstance did not occur until a later date.

In the present case, the parties did not agree to a different effective date for the modification order. Additionally, the trial court made no specific finding that the material change of circumstance occurred at a later date. Thus, pursuant to the above statute, the May 21, 2003, modification order was effective as of April 3, 2002.

■ ¶ 8 Mother's undisputed evidence showed Father paid $4,000.00 less in child support, child care and medical expenses than was due under the modification order for the period from April 15, 2002, to the date of the hearing. Mother's calculations were based upon the modification order which, pursuant to § 118(E)(16)(a)(4), had an effective date of April 3, 2002. The trial court's award of $1,450.00 in arrearages is considerably less than the evidence supports and, as previously set forth, the trial court expressly gave Father no credit for any alleged overpayments.

¶ 9 While we recognize the trial court's equitable powers in matters of child support, the court was without authority to use figures different from those set forth in the May 21, 2003, modification order when calculating past-due support. Section 118(E)(16)(b)(1) specifically provides:

> A child support order shall not be modified retroactively regardless of whether support was ordered in a temporary order, a decree of divorce, an order establishing paternity, modification of an order of support, or other action to establish or to enforce support.

There is nothing in the record to support the trial court's award of $1,450.00 in past-due support.

¶ 10 Father argues he should not be required to pay past-due child support based upon the $716.03 figure because his material change of circumstance warranting the higher obligation did not occur until late in the support modification proceedings. Father intimates the trial judge in the current proceedings (for past-due support) implicitly recognized the belated material change of Father's circumstances when it calculated the past-due support award. Relying on 12 O.S. 2001 § 611, Father also asserts it was not necessary for the initial judge to make the specific finding of belated material change of circumstance mandated by § 118(E)(16)(a)(4) because Mother did not request the same.

■ ¶ 11 We initially note the correctness of the May 21, 2003, modification order is not at issue in this appeal. Instead, this Court is only concerned with reviewing the correctness of the trial court's judgment for past-due support. The modification order which established the amount of Father's child support obligation did not contain a specific finding of fact regarding the date of Father's material change of circumstance. Mother's "failure" to request such a finding is irrelevant. Although we agree § 611 requires that only general findings of fact be set forth in a trial court order, § 118(E)(16)(a)(4) mandates specificity as to belated material changes of circumstance in an order of modification. "Where a matter is addressed by two statutes—one specific and the other general—the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute." *Hall v. Globe Life and Accident Ins. Co. of Okla.,* 1999 OK 89, ¶ 5, 998 P.2d 603, 605, *quoting State ex rel. Trimble v. City of Moore,* 1991 OK 97, 818 P.2d 889, 899.

■ ¶ 12 Section 611 is a statute of general application, while § 118(E)(16)(a)(4) clearly includes the matter in controversy (modification orders) and prescribes a different rule (specificity regarding belated material change of circumstance). Because the trial court in the support modification proceeding did not make a specific finding of fact regard-

ing Father's alleged belated material change of circumstance, the order became effective the date Father filed his motion to modify and the trial judge in the instant proceedings was constrained to use the original base support figure in calculating arrearages.

¶ 13 On the basis of the foregoing, we hold the trial court erred in calculating the award of past-due support owed by Father to Mother. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

¶ 14 REVERSED AND REMANDED.

ADAMS, P.J., and BUETTNER, C.J. (sitting by designation), concur.